IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| DREW DAVID NEISSER, #442-439 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | CASE NO. 8:20-cv-01837-PX |
| | * | |
| OFFICER JAMES BYRD, OCEAN CITY, et al. | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS JAMES BYRD, DAVID WHITMER,
TONYA GOWER, AND CLIFFORD GOGGINS</u>**

NOW COME Defendants, JAMES BYRD, DAVID WHITMER, TONYA GOWER, and CLIFFORD GOGGINS (collectively, "Defendants" or "Ocean City Defendants"), by and through their attorneys, Bruce F. Bright of Ayres, Jenkins, Gordy & Almand, P.A., and, pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules Civil Procedure, state as follows in support of their Motion to Dismiss:

**<u>INTRODUCTION/BACKGROUND</u>**

Plaintiff, who is incarcerated in the Maryland Department of Corrections in Jessup, Maryland, filed his initial Complaint on or about <u>June 15, 2020</u>. ECF Doc. No. 1. The Complaint named as Defendants "the Ocean City Police Department," OCPD Officer David Whitmer, (former) OCPD Officer Tonya Gower, Worcester County public defender Kristina Watkowski, and Worcester County Assistant State's Attorney, Diane Karsnitz. The original Complaint alludes to alleged loss, destruction, and/or withholding of certain "evidence" by the Defendants, in connection with or during Plaintiff's criminal jury trial, which he alleges took place <u>on August</u>

1

6, 2015. In his original Complaint, Plaintiff alleges his awareness of what he claims to be lost or withheld "evidence" as early as the August 6, 2015 criminal trial, but no later than December 13, 2016 (based on an email allegedly sent to his former attorney), or as a result of testimony allegedly given at his post-conviction hearing, which he states took place on January 6, 2017. See Complaint, ECF Doc. No. 1, at pp. 2-4.

On June 18, 2020, Plaintiff filed his purported "Amended Petition," removing the "Ocean City Police Department" and Assistant State's Attorney Diane Karsnitz from the lawsuit, adding OCPD Officers Byrd and Goggins as Defendants, and otherwise essentially re-stating the content of the original Complaint.

Based on the content of the "Amended Petition," as read with the original Complaint, Plaintiff purports to assert claims against Defendants under 42 U.S.C. §1983, alleging vaguely and in conclusory fashion violation of his rights under the First Amendment, Sixth Amendment, and Fourteenth Amendment of the United States Constitution.

## ARGUMENT

**I.  STANDARD OF REVIEW.**

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant may move, on a pre-answer basis, for dismissal of the complaint on certain enumerated grounds, including failure to state a claim on which relief can be granted (Rule 12(b)(6)) and lack of subject matter jurisdiction (Rule 12(b)(1)). The Ocean City Defendants seek dismissal of the First Amended Complaint on those grounds.

In considering a Rule 12(b)(6) motion to dismiss, the trial court must accept as true all well-pleaded facts and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993), *cert. denied*, *American Home*

*Products v. Mylan Laboratories*, 510 U.S. 1197 (1993); *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181 (4th Cir. 2002); *De Sole v. U.S.*, 947 F.2d 1169 (4th Cir. 1991).

A motion to dismiss for failure to state a claim may properly be granted if it is clear that the plaintiff can prove no set of facts which would support his claim, as pleaded and asserted. *Mylan Labs., Inc. v. Matkari*, 7 F.3d at 1134. "Although the court must take the facts in the light most favorable to the plaintiff, it need not accept the legal conclusions drawn from the facts." *Directory Assistants, Inc. v. Supermedia, LLC*, 884 F. Supp. 2d 446, 448–49 (E.D. Va. 2012) (*citing Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir. 1991)).

Rule 8(a) provides as follows:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

## II. PLAINTIFF'S LAWSUIT IS TIME-BARRED.

As stated above, the original Complaint alludes to alleged loss, destruction, and/or withholding of certain "evidence" by the Defendants, in connection with or during Plaintiff's criminal jury trial, which he alleges took place <u>on August 6, 2015</u>. In his original Complaint and "Amended Petition," Plaintiff alleges his awareness of what he claims to be lost or withheld "evidence" as early as the August 6, 2015 criminal trial, but no later than <u>December 13, 2016</u> (based on an email allegedly sent to his former attorney), or as a result of testimony allegedly given at his post-conviction hearing, which he states took place on <u>January 6, 2017</u>. *See* Complaint, ECF Doc. No. 1, at pp. 2-4.

"The statute of limitations for §1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular §1983 claim does not involve personal injury." *Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 542 (D. Md. 2019) (*quoting Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 66-67 (4th Cir. 2015) (*citing Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985))). Accordingly, in Maryland, the applicable limitations period for a section 1983 action is three years from accrual of the action. *See* Md. Code, *Courts and Judicial Proceedings*, §5-101.

In this case, based on the allegations in the pleadings, Plaintiff's purported claims accrued as early as August 6, 2015 (the date of his criminal trial), but no later than <u>December 13, 2016</u> (the date of an email allegedly sent to Plaintiff's former attorney), or at the absolute latest, <u>January 6, 2017</u> (the date of testimony allegedly given at Plaintiff's post-conviction hearing). Plaintiff initiated his lawsuit more than three years later, on June 15, 2020; Plaintiff's claims are therefore time-barred as a matter of law and based directly on the allegations of the pleadings.

### III. PLAINTIFF'S PLEADINGS DO NOT STATE ANY COGNIZABLE ACTION AGAINST DEFENDANTS, EVEN UNDER THE LIBERAL NOTICE PLEADING STANDARDS THAT APPLY.

Even if Plaintiff's claims are not time-barred (they clearly are), his pleadings do not state any cognizable action against Defendants, even under the applicable "notice" pleading standards.

Plaintiff's pleadings – specifically his original "Complaint" and his "Amended Petition," read together – purport to assert claims against Defendants under 42 U.S.C. §1983, for violation of Plaintiff's rights under the First, Sixth, and Fourteenth Amendments. The pleadings refer vaguely to claimed withholding or destruction of evidence, specifically, some purported evidence related to an alleged incident in 2014 between Plaintiff and his girlfriend, years before the prosecution that resulted in his conviction and incarceration. Plaintiff does not allege any

particular conduct, acts, or omissions by Defendants Byrd and Goggins. The references in the pleadings to Defendants Gower and Whitmer are scattered and unclear and fail to allege with any particularity unconstitutional conduct on their part. More generally, the pleadings do not make out constitutional claims against Defendants with requisite clarity.

Although the Federal Rules of Civil Procedure "require only a short and plain statement of the claim showing that the pleader is entitled to relief" (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and as noted in *Twombly*, a complaint need not assert "detailed factual allegations," it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555 (citations omitted). "Factual allegations [of a pleading] must be enough to raise a right to relief above the speculative level," *Id*. (citations omitted), to one that is "plausible on its face," *Id*. at 570, rather than merely "conceivable." *Id*. To survive dismissal for failure to state a claim, a plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 279-281 (4th Cir. 2002)).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged," and that a complaint must include more than "a sheer possibility that a defendant has acted unlawfully" to meet the "plausibility standard" and survive dismissal under Rule 12(b)(6). *Id*.

Although a plaintiff need not assert "detailed factual allegations" in support of his claims for relief, *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, the pleading rules require "more than

an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

"The plausibility [pleading] standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

In this instance, as stated, Plaintiff's purported complaint fall well short of the foregoing pleading standards, in that it "stops short of the line between possibility and plausibility," it fails to plead unlawful conduct with any clarity, it lacks "further factual enhancement" that goes beyond "naked assertions," and it fails to set forth particularized and fully-explained elements of the asserted cause(s) of action.

**IV.   PLAINTIFF HAS NOT STATED ANY COGNIZABLE CLAIMS AGAINST THE INDIVIDUAL OCEAN CITY DEFENDANTS (BYRD, WHITMER, GOWER, AND GOGGINS), WHO HAVE "PUBLIC OFFICIAL" IMMUNITY BASED ON THE CONTENT OF PLAINTIFF'S PLEADINGS.**

Even assuming *arguendo* that Plaintiff's purported claims are not time-barred, and the pleadings can be read as sufficiently alleging some actionable or wrongful conduct by Defendants, common law and/or statutory "public official immunity" attaches and bars any claim.

Such immunity (both common law and statutory public official immunity) applies: 1) when the actor is a public official; 2) the tortious conduct occurred in the course of the actor's

performance of discretionary, rather than ministerial acts; and 3) those acts were within the scope of the actor's official duties, and without malice. *See Houghton v. Forrest,* 412 Md. 578, 585, 989 A.2d 223 (2010); Maryland Code, *Courts and Judicial Proceedings*, 5-507(a)(1) ("An official of a municipal corporation, while acting in a discretionary capacity, without malice, and within the scope of the official's employment or authority shall be immune as an official or individual from any civil liability for the performance of the action."). When applicable, statutory "public official immunity" quite broadly immunizes public officials for all claims, even constitutional claims. *Thomas v. Annapolis*, 113 Md. App. 440, 459 (1997).

Here, there are no clearly and adequately described wrongful acts or omissions alleged in the pleadings to have been committed by any of the Defendants; and in any event, they are not alleged to have acted with any malice, and it is plain from any fair reading of the pleadings that the alleged involvement of the Defendants (who are all "public officials" of Ocean City) is within the scope of their official duties and relates to discretionary rather than ministerial matters. Certainly, the Plaintiff's pleadings do not make allegations as to the Defendants that would place the purported claims against them outside the scope of public official immunity.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's claims, as asserted in his Complaint and Amended Petition, should be dismissed with prejudice, as to all Ocean City Defendants – Byrd, Whitmer, Gower, and Goggins.

AYRES, JENKINS, GORDY & ALMAND, P.A.

By: **/s/ Bruce F. Bright**
Bruce F. Bright (#27236)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861

bbright@ajgalaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 4th day of September, 2020, the foregoing Memorandum in Support of Motion to Dismiss of Defendants, JAMES BYRD, DAVID WHITMER, TONYA GOWER, and CLIFFORD GOGGINS, was filed electronically. Notice of this filing will be served today via first class mail, postage prepaid, on: Drew David Neisser, #442-439, M.C.I.-J, P.O. Box 549, Jessup, Maryland, 20794.

_____/s/ Bruce F. Bright_____
Bruce F. Bright