IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DREW DAVID NEISSER, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PX-20-1837 |
| OCEAN CITY POLICE DEPARTMENT, *et al.*, | * | |
| Defendants | * | |
| | *** | |

**MEMORANDUM OPINION**

In 2015, Plaintiff Drew David Neisser was convicted after a jury trial of first-degree and second-degree assault and malicious destruction of property.[1]  On June 15, 2020, Neisser filed this suit pursuant to 42 U.S.C. § 1983 against Detective David Whitmer; Officers Tonya Gower, James Byrd, and Clifford Goggins (the "Ocean City Police Defendants"); and Assistant Public Defender Kristina Watkowski.  Neisser asserts that Defendants have violated his First, Sixth, and Fourteenth Amendment rights during the investigation and prosecution of his state case.  ECF No. 3 at 1.

The Ocean City Police Defendants have moved to dismiss the Complaint.  ECF No. 5. The Court notified Neisser of his right to be heard on the motion.  ECF No. 6; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  And Neisser has amply responded.  *See* ECF Nos. 11, 15, 19, 21, 27, 31, 37.  Accordingly, the matter is now ripe for review, with no need for a hearing.  *See* Loc. R. 105.6.  The Ocean City Police Defendants' motion to dismiss IS GRANTED, albeit without prejudice and on different grounds than those raised in their

---

[1] *See Neisser v. Morgan*, No. PX-18-2121, 2020 WL 3050734 (D. Md. June 8, 2020), ECF Nos. 28 and 29 (denying and dismissing the Petition brought under 28 U.S.C. § 2254 in part because several claims were procedurally defaulted).

motions.[2]

## I. Background

The Court takes the facts pleaded in the Complaint as true and most favorably to Neisser. In connection with his 2015 state case, Ocean City Police Defendants interviewed Neisser at the police station on October 13, 2014. ECF No. 1 at 2; ECF No. 3 at 2. The interview lasted about 70 minutes. Any recording of the interview has since been lost or destroyed during a departmental computer upgrade. ECF No. 3 at 2. On August 5, 2015, Neisser was ultimately charged and convicted by a jury of assault and malicious destruction of property.

Nearly two years later, in connection with state post-conviction proceedings, Neisser learned of the destroyed recording through his post-conviction attorney, Eli Braun. ECF No. 3 at 2. Evidently, Detective Whitmer disclosed to Braun that any such recording had been lost 25 months earlier. *Id*. This recording, says Neisser, would "have exonerated" him. *Id.* As Neisser tells it, the recording would memorialize that Whitmer had assured Neisser that Sheila Santamaria, the assault victim, would not return to his home because she had filed a false report against him. ECF No. 1 at 3; ECF No. 3 at 3. This information about the recording was kept from Neisser until after Defendants had secured a conviction against him. ECF No. 1 at 3; ECF No. 3 at 3. Relatedly, Neisser alleges that Defendant Officer Gower withheld favorable evidence during the grand jury investigation regarding a previous incident involving him and Santamaria that presumably would have been helpful to Neisser's defense. ECF No. 1 at 3; ECF No. 3 at 3.

---

[2] Because Neisser failed to serve Watkowski, the claims are dismissed as to her. The Court also denies Neisser's requests for appointed counsel. ECF Nos. 20, 30. The Court has previously determined that Neisser has failed to present exceptional circumstances warranting appointment of counsel. ECF No. 17. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982); *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). No additional facts or circumstances warrant appointment at this juncture. The Court also denies Neisser's "Motion for Further Information." ECF No. 32. Neisser essentially wishes to begin formal discovery which does not take place until Defendants answer the Complaint and the Court issues a scheduling order. *See* Local Rule 104.4 (D. Md. 2021).

Neisser thus avers that he has been prosecuted and imprisoned without due process. *Id.*

## II.     Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true most favorably to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. Discussion

Ocean City Police Defendants principally contend that Neisser's claims are time barred. The Court cannot agree. However, for the reasons that follow, the Complaint must still be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

In *Heck*, the United States Supreme Court held that when a civil rights action, if successful, necessarily implicates the validity of a plaintiff's conviction or sentence, the civil action must be dismissed unless the plaintiff demonstrates "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. A plaintiff makes this showing by obtaining a "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). One purpose of this requirement is to avoid parallel litigation over issues of guilt or innocence. *Heck*, 512 U.S. at 484.

Here, Neisser alleges that Defendants unconstitutionally withheld or destroyed exculpatory evidence—namely, the recording—that would have "exonerated" him. Neisser challenges the unconstitutional means by which certain statements had been extracted at the time of the criminal investigation, as well as the destruction of such helpful information, thus depriving him of a constitutionally adequate criminal trial. This liability theory is further reflected in Neisser's prayer for relief; he asks not only for money damages but also vacatur of his sentence. ECF No. 11 at 4.

Because Neisser's success in this suit necessarily implicates the validity of the underlying criminal conviction, Neisser must first obtain a "favorable termination" of the criminal matter by

successful collateral attack.  Although certain challenges have been unsuccessful, *see* Neisser v. Morgan, No. PX-18-2121, 2020 WL 3050734 (D. Md. June 8, 2020), others appear to be ongoing.  As recently as June 28, 2021, Neisser has filed petitions in state court for post-conviction relief and writs of innocence, respectively.  *See* Maryland Judiciary Case Search, State v. Nessier, Circuit Court for Worcester County, Case No. 23-K-15-000110 (viewed August 23, 2021).  Accordingly, out of an abundance of caution, the Amended Complaint will be dismissed pursuant to *Heck*, albeit without prejudice.  If Neisser is ever successful in vacating the underlying convictions, he would be free to bring a § 1983 damages action to resurrect the claims.

As to Defendants' argument that the claims are time barred, the Court cannot agree.  In a § 1983 action, the Court applies the limitations period applicable to the most analogous state-law cause of action.  *See Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999); *see also* 42 U.S.C. § 1988(a).  Here, Defendants assert that Neisser's claims are subject to a three-year limitations period pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-101.  Further, say Defendants, because the supposed destruction of evidence occurred in 2015, the claims filed in 2020 are time barred.

Defendants are incorrect.  As the Supreme Court has made clear, where a § 1983 damages claim implicates the validity of the conviction, then

> the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen.  Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Heck*, 512 U.S. at 489 (internal citations and quotation marks omitted).  Accordingly, until

Neisser receives a favorable termination of his criminal conviction, his § 1983 claim "has not yet arisen" and the limitations clock has not begun to run.  *Id.*  The Court, therefore, dismisses the claims without prejudice so that Neisser may continue to pursue his claims in state court.  In the event Neisser's criminal conviction is ever reversed or vacated, or its validity is otherwise called into question via habeas relief, he may initiate a new § 1983 action.

      A separate Order follows.

| | |
|---|---|
|    8/24/2021 |    /S/ |
| Date | Paula Xinis |
| | United States District Judge |